**Omar TORRES, Plaintiff—Appellant,**

v.

**Michael R. PURDY, e/s/a Oxnard Police Officer Michael R. Purdy; Derek Stephens, e/s/a Oxnard Police Officer Derek Stephens, Defendants—Appellees.**

No. 06–55820.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2008 *.

Filed Feb. 19, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earnest C.S. Bell, Esq., Law Offices of Earnest C.S. Bell, Ventura, CA, for Plaintiff–Appellant.

Alan E. Wisotsky, Esq., Brian P. Keighron, Esq., Law Offices of Alan E. Wisotsky, Oxnard, CA, for Defendants–Appellees.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Omar Torres appeals the district court's sua sponte grant of summary judgment to Oxnard Police Officers Michael Purdy and Derek Stephens. We have jurisdiction

** This disposition is not appropriate for publication and is not precedent except as provid-

pursuant to 28 U.S.C. § 1291, and we affirm.

Torres argues that Defendants violated 42 U.S.C. § 1983 because (1) no reasonable suspicion for the stop and pat-down existed; (2) there was no probable cause to arrest him for violating Cal.Penal Code § 148; and (3) the officers used excessive force. We disagree.

We review de novo a district court's grant of summary judgment. *Edgerly v. City and County of S.F.*, 495 F.3d 645, 658 (9th Cir.2007). Where the facts are not disputed, we must determine "whether the district court correctly applied the relevant substantive law." *Providence Health Sys.–Wash. v. Thompson*, 353 F.3d 661, 664 (9th Cir.2003) (citation omitted). We review de novo the reasonableness of an investigatory stop. *United States v. Grigg*, 498 F.3d 1070, 1074 (9th Cir.2007).

As to Torres's first argument, the officers responded shortly after midnight to an anonymous call about a person with a flashlight in an alley. When they arrived, they observed Torres standing by an open gate. The officers stopped to talk to Torres and ask him for identification, which did not constitute a seizure. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). It was only after Torres resisted a pat-down by backing away and telling officers not to touch him that he was seized. *California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Furthermore, Torres's behavior until the moment of the seizure can be included in the determination of whether reasonable suspicion existed. *See United States v. Santamaria– Hernandez*, 968 F.2d 980, 983 (9th Cir. 1992); *see also, United States v. Smith*,

ed by 9th Cir. R. 36–3.

217 F.3d 746, 750 (9th Cir.2000) ("Evasive actions contribute to the totality of circumstances suggesting reasonable suspicion.").

Prior to the seizure, Purdy informed Torres that he was going to conduct a pat-down for weapons after (1) Torres could not provide an address for the residence he claimed to live in, (2) had continually acted nervous and fidgety, and (3) both officers observed a bulge in Torres' sweatshirt. Under these circumstances, the officers could reasonably have believed that the bulge in Torres' sweatshirt was a weapon, and thus could conduct a pat-down. *See Pennsylvania v. Mimms,* 434 U.S. 106, 112, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (holding that a limited search for weapons was justified when an officer observed a bulge in the jacket pocket of the defendant); *United States v. Alvarez,* 899 F.2d 833, 839 (9th Cir.1990) (explaining that a *Terry* frisk is permitted to allow officers to conduct an investigation without fear of violence).

We hold that both the stop and the pat-down were reasonable because the totality of Torres' actions and the circumstances could have caused an objectively reasonable officer to believe that some type of criminal activity was afoot. *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (citing *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

As to Torres's second argument, he posits only that probable cause for the arrest did not exist because the arrest was unlawful, and he therefore had the right to resist arrest. However, both the weapons pat-down and the investigatory stop were lawful. Therefore Torres did not have the right to resist arrest. *See* Cal.Penal Code § 834a. Because he did resist, Defendants had probable cause to arrest him.

Finally, as to his excessive force argument, Torres claims that because the initial stop and subsequent pat-down were unconstitutional, any force used was excessive. The initial stop and the pat-down were not unconstitutional, thus, this claim fails as well.

**AFFIRMED.**

